UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RODERIC D.,

              Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. C23-5083-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Child Disability Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in: (1) failing to reopen a prior application, (2) assessing the medical opinion evidence, (3) discounting Plaintiff's testimony, and (4) discounting the lay testimony.[1] (Dkt. # 13 at 2.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

---

[1] Plaintiff contends that these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and step-five findings (dkt. # 13 at 18-19), but these derivative errors need not be addressed separately.

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1993 and attended community college for one quarter. AR at 1899-1900. Plaintiff began working full-time in October 2020. *Id.* at 2053-57.

Plaintiff applied for benefits in December 2014 (AR at 457-69) and alleges that he was disabled for a closed period running from January 31, 2011, through September 30, 2020. (Dkt. # 13 at 2 n.1.) Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR at 250-52, 255-65, 269-70. After the ALJ conducted hearings in November 2016 and February 2018 (*id*. at 82-161), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 221-34.

The Appeals Council granted Plaintiff's request for review and remanded the case to an ALJ for further proceedings. AR at 243-46. A different ALJ held a hearing in February 2020 (*id*. at 42-81), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 20-33.

The Appeals Council denied Plaintiff's request for review (AR at 1-6), and Plaintiff sought judicial review. The U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand for further administrative proceedings. *Id*. at 1948-49.

On remand, a different ALJ held a hearing in September 2022 (AR at 1890-1913), and subsequently issued a decision finding Plaintiff not disabled. *Id*. at 1856-75. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 5.)

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

### A.    The ALJ Did Not Err in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) Plaintiff's ability to work part-time during the adjudicated period was inconsistent with the disabling limitations he alleged; (2) Plaintiff was able to complete all of his court-ordered classes without assistance during the adjudicated period; (3) the objective medical evidence does not corroborate Plaintiff's allegation of disabling limitations because his symptoms were mild and his conditions were generally stable, to the point where he stopped taking medication for them; and (4) Plaintiff's IBS improved with physical therapy. AR at

ORDER - 3

1865-68. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ's reasons are not legally sufficient.[2] First, Plaintiff argues that, contrary to the ALJ's decision, his work activity since October 2020 does not undermine his allegations of disability before that time. (Dkt. # 13 at 11.) But the work activity cited by the ALJ occurred *during* the adjudicated period (*i.e.*, before October 2020). The ALJ noted that Plaintiff worked in fall 2012 and spring 2020. AR at 1860, 1865-66. The ALJ discussed the demands of Plaintiff's jobs and reasonably found that Plaintiff's "ability to perform work with some degree of success during the time when [he] asserted that he was disabled is inconsistent with the degree of limitation asserted." *Id*. at 1865-66. To the extent that Plaintiff argues that the ALJ erred in failing to distinguish his findings regarding a past job from the findings regarding that job in a prior, vacated ALJ decision (dkt. # 13 at 11), Plaintiff has cited no authority requiring an ALJ to address vacated findings in a decision, and the Court is not aware of any. Plaintiff has failed to establish error in the ALJ's finding that his work activity undermined his allegations, and this is a clear and convincing reason to discount his allegations. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled[.]").

Plaintiff goes on to argue that the ALJ erred in characterizing his symptoms as moderate at most, and stable over time. (Dkt. # 13 at 12.) According to Plaintiff, his symptoms waxed and waned and even "stable" symptoms can be disabling. (*Id*.) This argument does not establish error in the ALJ's decision because the ALJ acknowledged that Plaintiff's mental symptoms varied

---

[2] Plaintiff's brief does not specifically challenge the ALJ's findings as to Plaintiff's completion of his court-ordered classes without assistance or Plaintiff's improvement in irritable bowel syndrome symptoms with physical therapy. (*See* dkt. # 13.)

ORDER - 4

(AR at 1867), while emphasizing Plaintiff's overall improvement with treatment, to the point that he was discharged from mental health counseling in March 2020 and no longer needed psychiatric medication. *Id*. at 1867-68. These are clear and convincing reasons to discount Plaintiff's allegation of disabling mental limitations. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved with use of medication).

Plaintiff also provides a lengthy summary (dkt. # 13 at 12-17) of his allegations, but this section of his brief does not advance his assignment of error. Because Plaintiff has failed to show that the ALJ erred in discounting his testimony, the Court affirms this part of the ALJ's decision.

**B.    The ALJ Did Not Harmfully Err in Assessing Medical Opinion Evidence**

Plaintiff assigns error to the ALJ's assessment of medical opinions, each of which the Court will address in turn.

*1.    Legal Standards*[3]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

---

[3] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

       2.       Jennifer Koch, Psy.D.

           a.       2013 Opinion

Dr. Koch examined Plaintiff in 2013 and completed a DSHS form opinion describing his mental symptoms and limitations. AR at 990-1000. Dr. Koch identified several marked functional limitations, and opined that Plaintiff would benefit from starting treatment and vocational rehabilitation. *Id*. at 992-93.

The ALJ gave little weight to this opinion, finding that Plaintiff described his history differently to Dr. Koch than he had during an earlier examination, and this inconsistency undermined Dr. Koch's conclusions to the extent that she relied on that self-report. AR at 1870 (citing *id*. at 1009 (documenting inconsistency)). The ALJ also cited evidence showing that Plaintiff's symptoms improved once he started treatment, subsequent to Dr. Koch's examination. *Id*. The ALJ noted that the medical expert ("ME") had better access to the longitudinal medical record and found Plaintiff to be less limited than Dr. Koch opined. *Id*.

Plaintiff contends that the ALJ erred in finding Dr. Koch's opinion inconsistent with the longitudinal record because the record contained some abnormal findings and indicates that Plaintiff experienced symptoms for many years. (Dkt. # 13 at 5.) This argument fails to establish error in the ALJ's reasoning because the ALJ did not find that Plaintiff's symptoms improved to the point that he had no limitations. Instead, the ALJ included some very significant restrictions in the RFC assessment. *See* AR at 1864.

Plaintiff also argues that the ALJ erred in finding that the variation in his self-report undermined Dr. Koch's opinion because her opinion was not based primarily on his self-report, and the variations in his statements could be the result of his mental impairments. (Dkt. # 13 at 5.) The ALJ did not suggest that Plaintiff intentionally lied, however, and did not make any

ORDER - 6

finding regarding the reason for Plaintiff's inconsistent statements. The ALJ did not err in discounting Dr. Koch's opinion to the extent her conclusions were based on Plaintiff's self-report, given that it is undisputed that Plaintiff's self-reports were inconsistent. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the ALJ determined that Bray's description of her limitations was not entirely credible, it is reasonable to discount a physician's prescription that was based on those less than credible statements.").

For these reasons, the Court finds that Plaintiff has not shown that the ALJ erred in discounting Dr. Koch's 2013 opinion.

### b. 2014 Opinion

Dr. Koch examined Plaintiff again in 2014 and completed a DSHS form opinion describing his mental symptoms and limitations. AR at 976-86. Dr. Koch identified limitations that were moderate at most, and would not persist 12 months. *Id*. at 978-79. The ALJ gave great weight to Dr. Koch's opinion, explaining that he credited the moderate cognitive limitations identified by Dr. Koch in precluding detailed instructions in the RFC assessment. *Id*. at 1871.

Plaintiff contends that the ALJ erred in failing to account for the other moderate limitations Dr. Koch identified (dkt. # 13 at 6), but Plaintiff does not identify any particular limitations that were not accounted for in the ALJ's extremely restrictive RFC assessment, which reads as follows in relevant part:

> [Plaintiff] can perform tasks that can be learned through demonstration and [] require him to apply commonsense understanding to carry out simple one or two-step instructions and to deal with standardized situations with occasional or no variables in or from situations encountered on the job. This is consistent with unskilled work requiring a GED reasoning level of 1 [as defined by the Dictionary of Occupational Titles]. He can occasionally perform tasks requiring eye/hand coordination (such as assembling small parts) at a competitive pace. He can perform tasks that do not require him to read or produce a written work product. He can work in a setting where he may encounter members of the public, but should not be required to provide any direct service to them. He can complete tasks that do not

ORDER - 7

      require him to be part of a team. He can work in a setting that is routine, with few
      changes, and with no strict production pace.

AR at 1864. This RFC assessment reasonably accounts for the moderate cognitive, adaptation, social, and persistence deficits listed in Dr. Koch's opinion. *Id*. at 978. Thus, Plaintiff has failed to meet his burden to show that the ALJ erred in failing to fully account for Dr. Koch's credited 2014 opinion.

        3.      *Tasmyn Bowes, Psy.D. & Faulder Colby, Ph.D.*

Dr. Bowes examined Plaintiff in March 2015 and completed a DSHS form opinion describing Plaintiff's symptoms and limitations. AR at 1182-95. Dr. Bowes identified predominantly mild or moderate limitations, but found Plaintiff markedly limited in his ability to follow detailed instructions. *Id*. at 1185-86. The ALJ gave significant weight to Dr. Bowes' opinion and explained that he accounted for the marked cognitive limitation by precluding detailed tasks in the RFC assessment. *Id*. at 1871.

Plaintiff makes the same argument with respect to Dr. Bowes' opinion that the Court rejected with respect to Dr. Koch's 2014 opinion. (Dkt. # 13 at 7.) Although Plaintiff contends that the ALJ erred in failing to fully account for the moderate limitations identified by Dr. Bowes, Plaintiff identifies no omitted limitation and the ALJ's RFC assessment includes cognitive, adaptation, social, and persistence restrictions that amply account for the moderate limitations referenced in Dr. Bowes' opinion. *See* AR at 1864. Accordingly, Plaintiff has failed to meet his burden to show that the ALJ erred in failing to fully account for Dr. Bowes' credited opinion.[4]

---

[4] After reviewing Dr. Bowes' opinion and other evidence, Dr. Colby adopted the limitations identified by Dr. Bowes. *See* AR at 1287-91. The ALJ credited Dr. Colby's opinion for the same reasons he credited Dr. Bowes' opinion, and the Court affirms that finding for the same reasons that it affirms the ALJ's assessment of Dr. Bowes' opinion. *See id*. at 1871. As Plaintiff raises no separate challenge to the ALJ's

ORDER - 8

          4.      *W. Scott Dilk, MA, MHP, CAAR*

Mr. Dilk, Plaintiff's treating counselor, completed a form medical source statement in October 2016 that describes at most moderate limitations in Plaintiff's mental functioning. AR at 1524-26. The ALJ gave significant weight to this opinion, stating that the limitations referenced therein were accounted for in the RFC assessment. *Id*. at 1871.

Plaintiff again argues that the ALJ erred in failing to account for the moderate limitations identified by Mr. Dilk (dkt. # 13 at 8), but the Court again finds that significant restrictions included in the ALJ's RFC assessment are consistent with the limitations identified by Mr. Dilk. *See* AR at 1864. Plaintiff has not met his burden to show that the ALJ erred in failing to fully account for Mr. Dilk's credited opinion.

          5.      *William Wilkinson, Ed.D.*

Dr. Wilkinson examined Plaintiff in 2017 and 2019 and on both occasions, he completed a DSHS form opinion describing Plaintiff's mild and moderate mental limitations. AR at 1535-41, 1657-63. The ALJ gave significant weight to these decisions. *Id*. at 1872.

Although Plaintiff reiterates his argument that the ALJ erred in failing to fully account for the moderate limitations listed in Dr. Wilkinson's opinions (dkt. # 13 at 9), he has again failed to show that the ALJ's restrictive RFC assessment fails to account for any of those moderate limitations. Accordingly, Plaintiff has not met his burden to show that the ALJ erred in failing to fully account for Dr. Wilkinson's credited opinions.

          6.      *Non-examining Providers*

Plaintiff argues that the ALJ erred in crediting the State agency opinions and the testimony of the ME because these providers did not have access to the entire record and because

---

findings with respect to Dr. Colby's opinion, Plaintiff has failed to meet his burden to show harmful legal error in the ALJ's assessment of that opinion. (Dkt. # 13 at 7.)

ORDER - 9

the opinions of treating and examining providers are entitled to more weight than the opinions of non-examining providers. (Dkt. # 13 at 10.) This argument fails to establish error in the ALJ's decision because the ALJ explicitly compared these opinions to the longitudinal record before the ALJ (AR at 1869, 1872), and the ALJ also credited the opinions of treating and examining providers, as discussed *supra*, and did not rely solely on the opinions of non-examining providers.

To the extent that Plaintiff also argues that the ALJ failed to fully account for all of the limitations identified by the ME, Plaintiff has failed to identify any omitted limitation. (Dkt. # 13 at 10.) Plaintiff has not met his burden to show harmful legal error in the ALJ's assessment of the State agency opinions or ME testimony.

### 7. Miscellaneous Medical Evidence

Plaintiff's opening brief contains a section summarizing miscellaneous medical findings. (Dkt. # 13 at 9-10.) This section does not advance Plaintiff's assignment of error in the ALJ's decision and need not be addressed further.

### C. The ALJ Did Not Err in Discounting Lay Evidence

The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Plaintiff contends that the ALJ erroneously discounted multiple lay statements, which the Court will address in turn.

### 1. Plaintiff's Mother's Statements

Plaintiff's mother completed a third-party function report in 2015 (AR at 515-22) and a form lay statement in 2018 (*id*. at 872-76). The ALJ gave only "partial weight" to both

statements in part due to the nature of Plaintiff's mother's relationship with Plaintiff: Plaintiff's mother explained that she is disabled herself and relies on Plaintiff for assistance, and that she in turn provides reminders to Plaintiff. *Id*. at 1873 (referencing *id*. at 516). The ALJ found that "the nature of the mutually dependent relationship is not characteristic of what the claimant may be capable of in a situation where he is not accustomed to relying on her for prompts." *Id*. The ALJ also stated that the RFC restriction to extremely simple tasks with no strict time requirements accounts for "the bulk" of the limitations described in Plaintiff's mother's statements. *Id*. Furthermore, the ALJ found that Plaintiff's ability to perform activities such as using a smartphone, playing video games, volunteering at his church multiple times per week, completing high school and some college courses, and working during the adjudicated period is inconsistent with Plaintiff's mother's statements. *Id*. at 1873-74.

      Plaintiff contends that the ALJ's finding of a "mutually dependent relationship" is not supported by substantial evidence. (Dkt. # 13 at 17.) But Plaintiff's mother's statement indeed describes Plaintiff's reliance on her for reminders and her reliance on him for assistance (AR at 516), and this statement supports the ALJ's characterization. The ALJ reasonably found that although Plaintiff's mother described behaviors that she had observed, the nature of Plaintiff's relationship with his mother suggested that Plaintiff may not be so limited in other contexts. *See id*. at 1873. This fact-specific reasoning is germane to Plaintiff's mother and adequately explains why the ALJ found her statement less probative, and does not amount to an impermissible generalization about family members. *Cf. Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (finding rejection of testimony of family members because, *inter alia*, they were "'understandably advocates, and biased'" amounted to "wholesale dismissal of the testimony of

all the witnesses as a group and therefore [did] not qualify as a reason germane to each individual who testified").

Moreover, the ALJ provided additional reasons to discount Plaintiff's mother's statements. The ALJ listed activities that Plaintiff reported an ability to complete, which are reasonably inconsistent with the limitations described by Plaintiff's mother. *Compare* AR at 1873 (listing Plaintiff's ability to use his smartphone to text and send/receive e-mail, play video games, volunteer at church, complete high school and some college, and work) *with id*. at 515-20 (Plaintiff's mother's statement that Plaintiff cannot multitask at all, cannot understand or remember directions). This is an additional germane reason to discount Plaintiff's mother's statements. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

2.  *Department of Vocational Rehabilitation ("DVR") Evidence*

The record also contains multiple statements provided by DVR providers, to which the ALJ gave no weight for a variety of reasons. AR at 1872-73. Plaintiff does not challenge any of the reasons provided by the ALJ, but simply states that the DVR evidence "provides further support for [his] testimony about his limitations." (Dkt. # 13 at 18.) But even if this statement is true, it does not establish error in any of the ALJ's reasons for discounting the DVR evidence, and thus the Court declines to disturb the ALJ's assessment of the DVR evidence.

For these reasons, the Court finds that Plaintiff has not met his burden to show harmful legal error in the ALJ's assessment of the lay evidence.

D.  **The ALJ *De Facto* Reopened a Prior Application**

The parties dispute whether the ALJ erred in finding no good cause to reopen a 2013 application that resulted in an administratively final decision finding Plaintiff not disabled. (Dkt. ## 13 at 2, 16 at 2-3.) But, as Plaintiff suggests for the first time in his reply brief (dkt. # 17 at 3),

the ALJ *de facto* reopened the prior application by defining the adjudicated period to begin with Plaintiff's alleged onset date in 2011. *Compare* AR at 20 (2020 ALJ decision defining the adjudicated period to begin in 2014, based on the *res judicata* effect of the prior administratively final decision) *with id*. at 1857 (current ALJ decision suggesting that the "entire relevant period" begins with Plaintiff's alleged onset date in 2011). Because the content of the ALJ's decision indicates that the 2013 application was *de facto* reopened, Plaintiff has not shown that he was prejudiced by the ALJ's finding that there was no good cause to reopen that prior application.

## V.  CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 29th day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 13